UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GIOVANNY JOSE OCANDO-PARRA,<br><br>Petitioner,<br><br>v.<br><br>KEVIN RAYCRAFT et al.,<br><br>Respondents. | Case No. 26-11556<br>Honorable Laurie J. Michelson |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT [1]**

On May 11, 2026, Giovanny Jose Ocando-Parra filed a petition for a writ of habeas corpus (ECF No. 1) arguing that his continued detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violated his due process rights (*id.* at PageID.25.) Ocando-Parra sought his "immediate[] release . . . from custody" due to the lack of a bond hearing "or in the alternative" a bond hearing. (ECF No. 2, PageID.46 (supplemental brief).) The government opposed the petition, arguing that it was moot because a bond hearing had been scheduled. (ECF No. 5, PageID.60.) Ocando-Parra responded that the Court should "defer ruling on mootness until the hearing occurs, a bond decision is issued, and the parties can inform the Court whether Petitioner remains detained . . . ." (ECF No. 6, PageID.74.)

On June 5, 2026, the government provided the Court with a status report advising that the immigration court conducted a bond hearing on June 2, 2026, and denied Ocando-Parra's release. (ECF No. 8, PageID.78.) Ocando-Parra has not

disputed that status report. So the injunctive relief sought (a bond hearing or his release should he continue to be denied a bond hearing) is no longer applicable and Ocando-Parra's petition for a bond hearing is moot. (*See also* ECF No. 6, PageID.71 (arguing that his petition raised a life controversy "[u]nless and until" a bond hearing "occurs and fully remedies the injury").) For this reason, the petition is DENIED.

SO ORDERED.

Dated: June 9, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE